Tukley J.
delivered the opinion of the court.
At the May term, 1836, of the circuit court for Blount county, the prisoner was convicted of the offence of receiving ■stolen goods, knowing them to be stolen. He moved in arrest of judgment, which motion was overruled by the court, :and judgment was thereupon given, that he be confined in the jail and penitentiary of the state for the period of one year; from which he prosecutes this writ of error.
Several objections are taken to the bill of indictment,
>1. That it does not show by whom the property was stolen. This is not necessary. In Roscoe’s Criminal Evidence, page 714, it is said, '“it is not necessary to state in the indictment the name of the principal felon. When it was objected to sucha count, that the name of the principal ought to appear, Tindal C. J. said, the offence is not the receiving the stolen ■goods from any particular person, but receiving them, knowing them to have been stolen. The question therefore, ⅛, whether the goods were stolen, and whether the prisoner received them, knowing-them to have been stolen.” Ferris’ •case 6 C. and P. 156. This same principle is recognized in Archbold’s Criminal Pleading, p, 235, and in Starkie’s Grim, Pleading, p. 186.
The authorities referred to in support of the proposition, from Russell on Crimes, p. 256-7, only determine, that -a party may be indicted for receiving goods stolen by persons unknown; but that where the principal was known, it was considered proper to state the facts according to the truth- These ,do not conflict with the authorities above referred to, from Roscoe, Archbold and Starkie. But it is argued, that unless the indictment shows who stole the goods, the court cannot see whether a larceny has been committed, as they may have been taken by one incapable of committing the offence..
*340 Whether the goods have been stolen by one capable of com - -mitting a larceny, is a question of fact to be ascertained only from the proof, and the name being specified in the indictment can give no aid in' determining it. For we cannot judge from the name whether the person charged be doli capax or not. The proof must show this, or the State will fail in making out its charge.
2. Tt does not show from whose possession the property was stolen. The bill of indictment charges, that Stokely D. Swaggerty, the prisoner, on the 26th day of May, in the year of Lord 1836, at, to wit: in the county of Blount, State of Tennessee, two sides of' upper leather, of the value- of five dollars, of the goods and chattels of one Mathew H. ^Bogle, then, lately before feloniously stolen, taken and carried away, feloniously and fraudulently did then and there receive and have, he, the said Stokely, then and there well knowing the said goods and chattels to have been feloniously stolen and carried away, with-intent to deprive the true owner thereof.” This, we think, charges the offence with sufficient certainty. The stealing is not the foundation of the indictment, but matter of inducement thex-eto, and therefore need not be stated with all tile certainty and formality required in indictments for larceny. The- intention of our statute, under which this bill ⅛ filed, was to put a stop to the reception of stolen goods, and all that it requires to constitute the offence, is charged in the words of the statute. This hill of indictment is an exact copy from a precedent in Arehbold’s Criminal Pleading, page 233, which was framed upon the statute of 7th an,d 8th George the 4th, of which ours is a substantial copy.
But it is said, unless the person from whose possession the goods are stolen be stated, it may be, that a man maybe indicted for receiving bis own goods, or goods taken from bis own possession. The form of the bill of indictment renders this impossible. A party could not be charged with having received his own goods, or goods taken from his possession feloniously and fraudulently with intent to deprive the true owner thereof. And again, whether a larceny has been committed, and whether the goods have been feloniously and *341 fraudulently received, are questions of fact, and if not proven by the state, the prosecution must always fail.
8. The bill of indictment does not show that the principal thief has been convicted. This is not necessary. By the provisions of the common law, the receivers of stolen goods were guilty only of a misdemeanor, and might at any time be. indicted therefor. By the statute of 3rd and 4th W. and M. e. 9, they were made accessaries after the fact, and consequently, felons. Under this statute, receivers of stolen goods could not be tried, without their consent,[before the conviction or attainder of the principal felon, because they are made as-cessaries after the fact. 1 Hale, 623: 2 Hawk. c. 29 §45: Archbold’s Crim. Plead. 521.
The statute of 7th and 8th George 4th, § 54, enacts, that the receivers of stolen goods, knowing them to have been stolen, shall be guilty of a felony, and may be indicted and convicted either as accessary, or for a substantive felony.
Under this statue, if the party accused be indicted as an ac-cessary, he has the right to say he will not be tried without his principal, unless he has been before convicted. But, if. he be indicted for the substantive felony, he has no such privilege, for it is confined by law to accessaries after the fact, and has never been extended beyond them.
Our act of 1829, c. 23, § 26, makes the receivers of stolen goods guilty of a substantive felony, as principals, and not as accessaries to the stealing, after the fact. Therefore, the principle of law which screens accessaries after the fact from trial without their principals, unless they have been previously convicted, does not apply to them. This bill of indictment then is well framed without charging a previous conviction of the thief. These are all the objections seriously urged against this indictment; as none of them are tenable, the judgment of the’ circuit court was correct and must be affirmed.
Judgment affirmed